**Electronically Filed
Intermediate Court of Appeals
30212
21-MAR-2011
08:17 AM**

NO. 30212

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RUSTY MAKUE, Defendant-Appellant,
and
WHISTON MAKUE, Defendant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 08-1-1549)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Reifurth, and Ginoza, JJ.)

        Defendant-Appellant Rusty Makue (Makue) appeals from Judgment of Conviction and Probation Sentence (Judgment) entered on November 24, 2009 in the Circuit Court of the First Circuit[1] (circuit court).  A jury found Makue guilty of Assault in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-711 (Supp. 2007).[2]

---

[1]  The Honorable Randal K.O. Lee presided.

[2]  HRS § 707-711 provides in relevant part:

    §707-711  **Assault in the second degree.**  (1) A person commits the offense of assault in the second degree if:

        (a)    The person intentionally or knowingly causes substantial bodily injury to another;

        (b)    The person recklessly causes serious or substantial bodily injury to another[.]

On appeal, Makue contends the circuit court erred in excluding impeachment evidence on the grounds that it was more prejudicial than probative and it was inadmissable as character evidence. Makue further contends the error was not harmless.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Makue's points of error as follows:

Makue sought to introduce photographs as evidence to impeach Complainant's testimony that he was a coach, church and/or church school volunteer, family member, and parent and to impeach testimony by Complainant's step-father that Complainant rarely drinks. The photographs were obtained from Complainant's MySpace page, with some showing Complainant holding a beer bottle, making an obscene hand gesture, and/or being in the company of others who appeared to be drinking. Makue contended that his punch to Complainant's eye was justified as self-defense.

Assuming, <u>arguendo</u>, that the evidence was relevant, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Hawaii Rules of Evidence (HRE) Rule 403; <u>see also</u> <u>State v. Faria</u>, 100 Hawai'i 383, 391, 60 P.3d 333, 341 (2002). "Unfair prejudice means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." <u>Kaeo v. Davis</u>, 68 Haw. 447, 454, 719 P.2d 387, 392 (1986) (internal quotation marks and citation omitted).

In addressing Makue's attempt to admit the photographs, the circuit court noted that it had allowed the question of beer only for purposes of determining whether Complainant was drinking

beer at the time of the incident such that his perception of events was affected. The circuit court further noted that "the status of the testimony was that there was no drinking on the date in question" and "[t]here was no testimony that [Complainant] does not drink." Under these circumstances, the circuit court did not abuse its discretion when it denied Makue's request under HRE Rule 403, finding the photographs to be more prejudicial than probative. The circuit court did not clearly exceed the bounds of reason or disregard the rules of evidence to the substantial detriment of Makue. State v. Crisostomo, 94 Hawai'i 282, 287, 12 P.3d 873, 878 (2000).

Given our ruling above, we need not reach the question of harmless error.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Probation Sentence entered November 24, 2009 in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 21, 2011.

On the briefs:

Stuart N. Fujioka
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3